Robert B. Mobasseri (SBN 193193)
David Alan Cooper (SBN 190203)
**LAW OFFICES OF ROBERT B. MOBASSERI, P.C.**
15760 Ventura Blvd., Suite 850
Encino, California 91436
Tel: (213) 282-2000 | Fax: (213) 282-3000
E-Service: EService@MobasseriLaw.com

Attorneys for Plaintiff
MAXIMILIAN A. BOWMAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMILIAN A. BOWMAN,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA MOTORS, INC.; DOES 1 through 100, Inclusive,<br><br>Defendants | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. Breach of Express Warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. §§2301, et seq.<br>2. Breach of Express Warranty under California Commercial Code § 2313<br><br>JURY TRIAL DEMANDED |

1. Plaintiff MAXIMILIAN A. BOWMAN ("Plaintiff") brings this action against Defendant TESLA MOTORS, INC. ("Tesla"), and DOES 1 through 100, inclusive, and seeks a trial by jury against these defendants.

**JURISDICTION AND VENUE**

2. The United States District Court for the Central District of California has subject matter jurisdiction over this action. There is both complete diversity of citizenship and a federal question raised.

3.   Regarding federal question jurisdiction:  Plaintiff brings claims under the Magnuson-Moss Warranty Act at 15 U.S.C. §§ 2301, et seq.  The amount in controversy exceeds the sum or value of $50,000, exclusive of interest and other costs, per 15 U.S.C. § 2310.  Plaintiff seeks restitution of $82,188.

4.   Regarding diversity of citizenship jurisdiction:  Manufacturer was formed in Texas on July 1, 2003 and primarily is headquartered in Travis County, Texas. Plaintiff is a United States citizen, a resident of Los Angeles County, California, and intends to so remain a resident of Los Angeles County, California.  Additionally, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and other costs, per 28 U.S.C. § 1332.  Plaintiff seeks restitution of $82,188.

5.   The United States District Court for the Central District of California may exercise supplemental jurisdiction over Plaintiff's State-law claims under the California Commercial Code pursuant to 28 U.S.C. §1367.

6.   Venue is proper in this District pursuant to 28 U.S.C. §1391.  The transactions giving rise to the claim occurred in this Judicial District, specifically a purchase at 5440 Telegraph Road, Commerce, California 90040, and subsequent repair presentations to Manufacturer's authorized repair facility in Van Nuys, California, Also, Manufacturer does substantial business in the State of California and within this Judicial District, is registered to and is doing business within the State of California, and otherwise maintains requisite minimum contacts with the State of California.  Also, a substantial part of the property at issue, specifically the vehicle that is the subject of the action, is situated at Plaintiff's residence in Los Angeles County, CA.

## GENERAL ALLEGATIONS

7.   On December 28, 2021, Plaintiff, a California resident, purchased from a California-licensed used-car dealership a used 2019 Tesla Model 3 vehicle bearing VIN 5YJ3E1EB4KF214072 ("Vehicle"). As reflected in the sales contract, the price after fees and taxes was $82,188.

8. The Vehicle had 44,833 miles at sale and was sold to Plaintiff with the remaining balance of Tesla's new-vehicle express warranties including the 4-yr/50,000-mile full coverage warranty and the 8-yr/100,000-mile powertrain warranty.

9. Unfortunately, the Vehicle developed unrepairable defects of materials and/or workmanship which Tesla has been unable to repair despite multiple warranty presentations. On April 13, 2023, Plaintiff presented the Vehicle to Tesla's authorized repair facility because the audio speakers were malfunctioning. Technicians determined the computer system needed a software update. However, the problem persisted. On July 20, 2023, Plaintiff again presented the Vehicle to Tesla's authorized repair facility because the speakers continued to malfunction. Technicians claimed to be unable to diagnose a problem. The Vehicle's speakers continue to malfunction.

10. Plaintiff attempted to utilize Tesla's pre-litigation settlement program administered in California, making application to the California Dispute Settlement Program administered by the National Center for Dispute Resolution on January 16, 2024. That pre-litigation settlement program replied on January 17, 2024 that Plaintiff's claim was "not qualified" for that program.

## FIRST CAUSE OF ACTION

Breach of Express Warranty under the Magnuson-Moss Warranty Act,

15 U.S.C. Section 2301, et seq.

(By Plaintiff against Tesla and Does 1-50)

11. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

12. Plaintiff is a "consumer" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. Section 2301(3). Tesla is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. Sections 2301(4) and (5).

13. The Vehicle is a "consumer product" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. Sections 2301(4) and (5).

14. Tesla issued an express warranty relating to future performance. However, the Vehicle was not conformed to its express warranty despite repeated presentations to Tesla's authorized repair dealership.

15. Plaintiff seeks rescission of the purchase agreement and full restitution of money paid for the Vehicle, as well as incidental and consequential damages as allowed by law.

## SECOND CAUSE OF ACTION

Breach of Express Warranty under California Commercial Code Section 2313

(By Plaintiff against Tesla and Does 51-100)

16. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

17. The Vehicle suffers from significant defects and non-conformities which arose during the express warranty period.

18. Tesla gave Plaintiff a written warranty that the Vehicle would conform to standards of workmanship and materials as described in the owner's manual and warranty guide provided to Plaintiff at time of sale.

19. The Vehicle did not perform as promised and did not meet the quality of the product promised.

20. Plaintiff took reasonable steps to notify Tesla of the nonconformities. Yet, Tesla failed to repair the Vehicle as required by the warranty.

21. Tesla's failure to repair the Vehicle were a substantial factor in causing Plaintiff harm, for which Plaintiff seeks restitution per Commercial Code Section 2711.

//
//

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. For actual, incidental and consequential damages and/or restitution on the First Cause of Action;

2. For actual, incidental and consequential damages and/or restitution on the Second Cause of Action;

3. For pre-judgment interest at the maximum legal rate;

4. For statutory attorney's fees on the First Cause of Action and other costs of suit on all causes of action;

5. All other relief as the Court deems just and proper.

Dated: January 29, 2024        LAW OFFICES OF ROBERT B. MOBASSERI, PC

                    By: /s/ Robert B. Mobasseri
                         Attorney for Plaintiff